IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENNIS M. MUSE,

        Plaintiff,                           09cv0201

                                              **ELECTRONICALLY FILED**

   v.

UNITED STATES DEPARTMENT OF
EDUCATION,

        Defendant.

**MEMORANDUM OPINION RE. DEFENDANT'S MOTION TO DISMISS (DOC. NO. 17)
AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 20)**

**I. INTRODUCTION**

Pro Se Plaintiff, Dennis M. Muse, instituted the present action by filing a complaint in

civil action against Defendant, United States Department of Education ("Department of

Education") on February 18, 2009 (Doc. No. 1-1).  The complaint alleges that beginning in June

2008, the Department of Education employed a collection agency to recover student loans made

to Plaintiff between 1982-1983 which Plaintiff contends were discharged by a bankruptcy court

on October 27, 1987.  (Doc. No. 1-1, 2).  Plaintiff alleges that the Department of Education's

attempts to recover the loan principal and interest violates due process and ex post facto

provisions of the Constitution, constitutes harassment and stalking in violation of Title 60, and

constitutes intentional infliction of emotion distress. (Doc. No. 1-1, 4).

Before this Court is Defendant's Motion to Dismiss, or in the Alternative, Motion for

Summary Judgment (Doc. No. 17).  Defendant argues that this Court lacks subject matter

jurisdiction as Plaintiff fails to identify any statutory authority that would waive the Department

of Education's sovereign immunity and that Plaintiff has failed to exhaust administrative

remedies required under the tort and disability discharge regulations.  Defendant argues any

other claims should be dismissed for failure to state a claim upon which relief can be granted.

Also before this Court is Plaintiff's Motion for Summary Judgment (Doc. No. 20).  As ordered in

a Text Order on February 18, 2010, Plaintiff's Motion for Summary Judgment (Doc. No. 20) and

Notice of Possible Bases for jurisdiction (Doc. No. 19) are also deemed to constitute Plaintiff's

response to Defendant's Motion to Dismiss. (Doc. No. 17).

 For the following reasons, this Court will **GRANT** Defendant's Motion to Dismiss (Doc.

No. 17) and will **DENY** Plaintiff's Motion for Summary Judgment (Doc. No. 20).

## II. STANDARD OF REVIEW

### A. Motion to Dismiss For Lack of Subject Matter Jurisdiction

 A Motion to Dismiss under Rule 12(b)(1) challenges a Federal court's subject matter

jurisdiction.  Fed. R.Civ.P. 12(b)(1).  A defendant may move to dismiss under Rule 12(b)(1) if

the complaint does not allege sufficient grounds to establish subject matter jurisdiction on its

face or by factually contesting the plaintiff's allegations that subject matter jurisdiction exists.

*Turicentro, S.A. v. American Airlines Inc.*, 3030 F.3d 293, 300 n. 4 (3d Cir. 2002).

 The party asserting the existence of federal jurisdiction has the burden of proving that

such jurisdiction exists in order to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1).

*Int'l Ass'n of Machinists & Aerospace Workers v. Northwest Airlines*, 673 F.2d 700, 711 n.16

(3d Cir. 1982); *Shepherdson v. Local Union No. 401*, 823 F. Supp. 1245, 1248 (E.D. Pa. 1993).

A court need not limit its inquiry to facts pled in the complaint, but "may inquire by affidavits or

otherwise, into the facts as they exist." *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947).

2

**B. Motion to Dismiss For Failure to State a Claim**

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly,* and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803264, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal.* While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as

true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008)(citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).  However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).  The failure-to-state-a-claim standard of Rule 12(b)(6) seeks to promote judicial economy by eliminating unwarranted discovery and factfinding. *United States ex. rel. Repko v. Guthrie Clinic, P.C.*, 557 F.Supp.2d 522, 525 (M.D. Pa. 2008).  Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory.  *See Wilkerson v. New Media Tech. Charter Sch.,* Inc., 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224).  Generally, this does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008)(citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S.. at 555).

### C. Motion for Summary Judgment

Fed.R.Civ.P. 56(c) provides that on a motion for summary judgment, the "judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and

any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "Rule 56 of the Federal Rules of Civil Procedure 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Woodside v. Sch. Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001), quoting *Foehl v. United States*, 238 F.3d 474, 477 (3d Cir. 2001) (citations omitted).

An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); see also *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof."), citing *Anderson* and *Celotex Corp.* Recently, the United States Supreme Court "emphasized, [w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372 (2007) (internal quotations omitted), quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).

In deciding a summary judgment motion, a court must view the facts in the light most favorable to, draw all reasonable inferences, and resolve all doubts, in favor of the nonmoving party. *Doe v. County of Centre, PA*, 242 F.3d 437, 446 (3d Cir. 2001); *Woodside*, 248 F.3d at 130; *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 151 (3d Cir. 1999). Further, a court must not engage in credibility determinations at the summary judgment stage. *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998), quoting *Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994).

### III. DISCUSSION

### A. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

Plaintiff has failed to discharge his burden of affirmatively alleging facts providing this Court's jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). Rule 8(a)(1) requires that pleadings setting forth a claim for relief provide, "a short plain statement of the grounds upon which the court's jurisdiction depends. . . ." Fed.R.Civ.P. 8(a)(1). Plaintiff's complaint (Doc. No. 1-1) fails to affirmatively allege any facts to support appropriate subject matter jurisdiction in this Court.

Plaintiff has also failed to assert any basis this Court should waive the Department of Education's sovereign immunity under 20 U.S.C. §3411. "Absent a waiver, sovereign immunity shields the Federal government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff has failed to address the Department of Education's sovereign immunity or to allege any such waiver.

Due to Plaintiff's failure to affirmatively allege facts providing this Court with jurisdiction or to assert a basis for the Department of Education's waiver of sovereign immunity,

under Rule 12(b)(1) it is appropriate for this Court to Dismiss Plaintiff's claims against Defendant for lack of subject matter jurisdiction.

**B. Plaintiff's Tort and Disability Discharge Claims Fail as Plaintiff Did Not Comply With Required Administrative Remedies**

Any tort claim against the United States should be brought under the Federal Tort Claim Act which creates a limited waiver of sovereign immunity "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §1346(b). The statute requires a claimant to file an administrative claim with the relevant agency which must deny the claim in writing before claimant commences suit. 28 U.S.C. §2675(a). "This requirement is jurisdictional and cannot be waived." *McNiff v. Asset Mgmt. Specialists, Inc.*, 337 F.Supp. 2d 685, 692 (E.D.Pa. 2004).

Plaintiff failed to file an administrative claim with the Department of Education prior to commencing the present action. (Doc. No. 17, Exhibit 3). Plaintiff has also failed to exhaust remedies required to claim a discharge of student loans based on total and permanent disability which furthermore does not provide Plaintiff with a private right of action. U.S.C. §§ 1987(a). As Plaintiff did not exhaust required administrative remedies with the Department of Education, this Court lacks subject matter over any tort and disability claim against Defendant.

**C. Plaintiff Has Failed to State a Claim Upon Which Relief Can be Granted** [1]

Plaintiff's remaining claims that the Department of Education's actions violated his civil

---

[1] This Court will not address whether the Treasury Offset Program hearing's decision was arbitrary, capricious, or an abuse of discretion as Plaintiff did not allege a claim under the Administrative Procedure Act, 5 U.S.C. §701.

7

rights, the ex post facto clause of the Constitution and Title 60 provisions are not supported by any specific allegations.[2]  Accordingly, these remaining claims are properly dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**D. Plaintiff's Motion for Summary Judgment Fails to Show That There is No Genuine Issue of Material Fact**

As noted, Plaintiff's Motion for Summary Judgment (Doc. No. 20) constitutes Plaintiff's response to Defendant's Motion to Dismiss. (Doc. No. 17).  Therefore, it is not necessary to address Plaintiff's Motion other than to note that it fails to demonstrate that there is no genuine issue of material fact and that Plaintiff is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c).

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 17) will be **GRANTED**.  Plaintiff's Motion for Summary Judgment (Doc. No. 20) will be **DENIED**. Plaintiff will not be granted leave to file an amended complaint because amendment in this case will be futile.  *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)(noting that futility is a ground for denying leave to amend a complaint).

An appropriate order follows.

_____

s/Arthur J. Schwab

_____

Arthur J. Schwab
United States District Judge

cc:    All Registered ECF Counsel and Parties

_____

[2] This Court is unclear which provisions of the United States Code are alleged to be violated as there is no Title 60.

8